W. B. BURNSIDE v. CHARLES W. ESTON, Appellant.

ASSIGNMENT OF ERROR. Assignments of error that the court erred in "overruling defendant's objections to the evidence offered by the plaintiff," and "in sustaining plaintiff's objections to evidence offered by defendant," are too general to be considered on appeal.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

THURSDAY, OCTOBER 24, 1895.

Action upon a promissory note. Trial by jury. Verdict and judgment for the plaintiff. Defendant appeals.

*Ira W. Anderson* for appellant.

*C. C. & C. L. Nourse* for appellee.

Rothrock, J.—I. The note upon which suit was brought is a negotiable instrument payable to the order of J. W. West. It was indorsed to the plaintiff before it became due. The execution of the note by the defendant was admitted, and he relied for a defense on the following averments of his answer: He avers that the said note was executed as an accommodation note to J. W. West, and the same was left as collateral security with W. B. Burnside, to a small debt, which has long since been paid, and that the holding of the said note now is without any consideration, and that said note should be canceled and delivered to this defendant. When the evidence was all introduced, upon the motion of the plaintiff, the court

directed the jury to return a verdict against the defendant for the amount of the note and interest.

Some objection is made to the rulings of the court upon the introduction of the evidence. The errors assigned relating to these rulings are as follows: "(1) The court erred in overruling defendant's objections to the evidence offered by plaintiff.' (2) The court erred in sustaining plaintiff's objections to evidence offered by the defendant." It has been repeatedly held by this court that, under the statute, assignments of error in this general form are insufficient. A number of objections and rulings were made pending the trial, and no attempt is made in the assignment of errors "to point out the very error objected to," as required by section 3207 of the Code.

II. There is one other assignment of error, which is to the effect that the court erred in sustaining the motion to instruct the jury to find for the plaintiff. An examination of the records satisfies us that there was no evidence which supported the defense set up in the answer, and that the motion to direct a verdict was properly sustained. The judgment of the district court is *affirmed.*